## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AMON-RA FEIF DEMUDD,** | : | **PRISONER HABEAS CORPUS** |
| **Petitioner,** | : | **28 U.S.C. § 2241** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE OF GEORGIA,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:16-CV-3708-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Petitioner, Amon-ra Feif DeMudd, confined in the DeKalb County Jail in Decatur, Georgia, has submitted a document that the Court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.][1] The records of the DeKalb County Jail show that Petitioner is a pretrial detainee charged with rape and simple battery.[2] Petitioner appears to seek the dismissal of those charges. [*Id.* at 1.] Petitioner has neither paid the $5.00 filing fee nor sought leave to proceed *in forma pauperis*. For the purpose of dismissal only, Petitioner is **GRANTED** leave to proceed *in forma pauperis*.

---

[1]    The Clerk is **DIRECTED** to correct the docket sheet to reflect the proper nature of suit and cause of action.

[2]    *See* DeKalb Cty. Sheriff, Inmate Lookup, http://63.170.23.13:8081/inmatelookup (searching "Last Name" for "DeMudd" and then following link) (last visited Oct. 18, 2016).

The matter is before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which also applies to Section 2241 actions, as provided in Rule 1(b).  Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that relief is not warranted.  *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

## I.   <u>Discussion</u>

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions."  *Younger*, 401 U.S. at 53.  "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights."  *Turner v. Broward Sheriff's Office*, 542 Fed. Appx. 764, 766 (11th Cir. Oct. 4, 2013) (per curiam).  "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."  *Id.*

In the present case, all three requirements of *Younger* abstention are satisfied.

2

Petitioner's state criminal proceeding is ongoing, such a proceeding implicates important state interests in enforcing criminal law, and Petitioner has an adequate opportunity to raise constitutional challenges in that proceeding. Because *Younger* prohibits this Court from interfering in Petitioner's state criminal proceeding, this action should be dismissed without prejudice. *See Smith v. Mercer*, 266 Fed. Appx. 906, 908 (11th Cir. Feb. 27, 2008) (per curiam) ("A dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the [petition].").

Although Petitioner cannot obtain relief in federal court, he may file a petition for a writ of habeas corpus in state court pursuant to Ga. Code Ann. § 9-14-1(a). Petitioner has not alleged that he sought state habeas relief. Petitioner's failure to exhaust his state court remedies further prevents this Court from granting federal habeas relief. *See* 28 U.S.C. § 2254(b)(1) & (c).

Finally, Petitioner states that he "would like a federal judge to preside over [his] case." [Doc. 1 at 8.] To the extent that Petitioner seeks to remove his criminal case from the DeKalb County Courts to Federal District Court, he may not do so because he does not allege that he has been deprived of a federally-protected right to racial equality. *See* 28 U.S.C. § 1443(1); *Johnson v. Mississippi*, 421 U.S. 213, 219-20

3

(1975).

## II.   <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484)

4

(internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable.  If the District Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

**III.   Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Petitioner is **GRANTED** leave to proceed *in forma pauperis* for the purpose of dismissal only.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  18th  day of October, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)

5